IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIVIL DIVISION

VIRGINIA DENEEN YAZID,
as Personal Representative of the
ESTATE OF MUSA AKIL MASOMAKALI
YAZID, deceased, for and on behalf of the Estate
and all survivors,

**07    005818**

           Plaintiff,                    CASE NO.:

v.

CITY OF TAMPA, JASON BROCATO,
and DAVID JOYNER,

RECEIVED

MAY 1 6 2007

CLERK OF CIRCUIT COURT

           Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, VIRGINIA DENEEN YAZID, as Personal Representative of the ESTATE OF

MUSA AKIL MASOMAKALI YAZID , deceased, for and on behalf of the Estate and all

survivors, by and through undersigned counsel, hereby sues the Defendants, CITY OF TAMPA,

JASON BROCATO, and DAVID JOYNER, and alleges as follows:

### Jurisidiction and Venue

1.     This is an action for damages in excess of $15,000.00.

2.     Venue is proper in this court as the acts or omissions giving rise to this cause of

action occurred in Hillsborough County, Florida, and all parties are residents of Hillsborough

County, Florida.

3.     At all times material hereto, Virginia Deneen Yazid was and is the duly appointed

Personal Representative of the Estate of Musa Akil Masomakali Yazid (hereinafter, "MUSA YAZID"), deceased, and is the proper party to bring this action. A copy of the Letters of Administration is attached as Exhibit A.

4.      The beneficiaries of the Estate and survivors pursuant to the Florida Wrongful Death Act (§ 768.18, Florida Statutes) are as follows:

      a.      Virginia Deneen Yazid, surviving spouse of MUSA YAZID  (Date of Birth: 04/12/66);

      b.      Jameisha Williams, surviving daughter of MUSA YAZID  (Date of Birth: 08/03/89); and

      c.      Khalid Earl Alphonso Yazid, surviving son of MUSA YAZID (Date of Birth: 06/30/99).

5.      At all times relevant hereto and in all actions described herein, MUSA YAZID was an African American male, a resident of Tampa, Florida and a citizen of the United States of America, who is now deceased.

6.      Defendant, CITY OF TAMPA, is a political subdivision of the State of Florida, a Florida municipal corporation, and lies within the confines of Hillsborough County, Florida.

7.      At all times relevant hereto, CITY OF TAMPA employed Defendants, JASON BROCATO and DAVID JOYNER as sworn police officers with the Tampa Police Department (hereinafter "TPD").

8.      At all times relevant hereto and in all actions described herein, Defendants BROCATO and JOYNER acted under color of law and within the scope of their employment as sworn police officers with the City of Tampa Police Department.

2

9.      Pursuant to § 768.28(6)(a), Florida Statutes (2005), Plaintiff notified CITY OF

TAMPA of her claim six (6) months or more prior to the filing of this action, and said claims

were not resolved.  The Notice of Claim was also presented concurrently to all appropriate

entities, including the State of Florida Department of Financial Services, as prescribed by law. A

true and correct copy of the Notice of Claim, along with the certified return receipt, is attached

hereto as Exhibit "B", and is incorporated herein by reference.

10.     All conditions precedent to the maintenance of this action have occurred or have

been waived.

### Factual Allegations

11.     On May 19, 2005, JOYNER was stationary in his patrol car at the intersection of

Temple and Riverhills Drive in the City of Tampa, Florida, acting in the course and scope of his

employment as a police officer for TPD, and patrolling for traffic violations, particularly vehicles

which failed to come to a complete stop before turning onto Riverhills Drive from 46th Street.

12.     On May 19, 2005 at approximately 8:20 p.m., MUSA YAZID was operating a

motor vehicle on 46th Street near its intersection with Riverhills Drive in Tampa, Florida.

YAZID allegedly failed to completely stop at the intersection and turned west onto Riverhills

Drive.

13.     Defendant JOYNER pulled YAZID'S vehicle over on the 4200 block on

Riverhills Drive under the alleged grounds that YAZID failed to come to a complete stop before

turning west from 46th Street onto Riverhills Drive.

14.     Defendant JOYNER approached YAZID'S vehicle and requested his driver's

license.     15.     MUSA YAZID did not have his driver's license in his possession but

3

provided Defendant JOYNER with his name.

16.     When Defendant JOYNER was unable to locate a match for YAZID'S name, Defendant JOYNER decided to remove YAZID from the vehicle, handcuff him, and place him in the back of his patrol car while he continued to try to verify YAZID'S identity.

17.     At this time, JOYNER had no probable cause to believe YAZID had committed any wrongdoing other than possibly violate a traffic regulation.

18.     At this time, JOYNER had no information or probable cause to believe YAZID was dangerous, violent, or a threat to anyone.

19.     At this time, JOYNER knew he had no probable cause or authority to arrest YAZID.

20.     Defendant JOYNER called for backup assistance and engaged in casual conversation with YAZID at the window of YAZID's vehicle while he awaited back up.

21.     Defendant, JASON BROCATO had been on duty since 2 p.m. on May 19, 2005 and was doing paperwork in the vicinity when he received JOYNER'S call for assistance. Defendant BROCATO arrived at the scene shortly thereafter and approached the back of YAZID's vehicle to talk with JOYNER.

22.     Defendants JOYNER and BROCATO then demanded that YAZID get out of the vehicle, without explaining their reason for making such demand.

23.     At this time, JOYNER and BROCATO had no information or probable cause to believe YAZID was dangerous, violent, or a threat to anyone.

24.     Concerned about being ordered to leave the vehicle without explanation, YAZID questioned and argued with the officers, but then began gathering his possessions in preparation

4

for exiting the vehicle, although he had not been told he was being arrested, nor had he been told

he was about to be handcuffed or detained in the back of a patrol car.

25.     Impatient with the speed at which YAZID was exiting the vehicle, Defendants

JOYNER and BROCATO forcefully began to pull him from the vehicle, assaulting and battering

him in the process.

26.     Prior to this time, YAZID had made no threats, gestures, or threatening motions

toward any person, including Officers JOYNER and BROCATO.

27.     The assault and battery on YAZID, included, but was not limited to, yanking him

from the vehicle, knee spikes to his thighs; knee spikes to his mid-section; and hammer fist

strikes to his arms.

28.     YAZID managed to make his way back into his vehicle to protect himself against

the unlawful battering by the officers.

29.     At no time did YAZID strike, attempt to attack the officers, or otherwise engage

in any action other than attempts to protect himself from the unlawful battering by the officers.

30.     Before he was able to close his door, the officers pointed and shot their taser

weapons several times through the driver's side window and door of the vehicle,  striking

YAZID numerous times on his chest and extremities.

31.     YAZID'S body began to jerk about the vehicle as a result of the numerous taser

attacks and his vehicle began to roll slowly forward.

32.     Without provocation or justification, Defendant BROCATO ran from the driver's

side towards the front of the vehicle and opened fire on YAZID with his Glock service weapon.

33.     At the same time, Defendant JOYNER, without provocation or justification, also

opened fire on YAZID with his Glock service weapon.

5

34.     The vehicle continued to slowly roll several feet and came to rest against a tree in a neighboring yard.

35.     MUSA YAZID suffered at least six gunshot wounds to his upper body and upper extremities while inside the vehicle.

36.     The bullet determined by autopsy to have killed YAZID entered his body through the left side of his back, piercing through muscle, his vertebral column, his spinal canal, his spinal cord, his sixth right rib, his right lung, and finally coming to rest in his right pectoralis minor muscle.

37.     Once the vehicle stopped, Defendants BROCATO and JOYNER forcefully jerked YAZID'S body from the vehicle, crushed him to the ground and handcuffed him, again without provocation or justification.

38.     Defendant JOYNER joined the police force in November, 2004 with no prior law enforcement experience.

39.     Defendant BROCATO joined the police force in October, 2004 with no prior law enforcement experience.

## COUNT I

### (Wrongful Death as to Defendant JASON BROCATO)

40.     PLAINTIFF realleges and incorporates by reference Paragraph 1 through 39 above.

41.     This action is brought pursuant to the Florida Wrongful Death Act.

42.     At all times material, Defendants owed YAZID a duty to act within the confines, bounds, limitations, and restrictions of the Constitution of the United States of America and its Amendments, and to refrain from violating the Constitutional rights of YAZID.

43.     The conduct of Defendant BROCATO toward YAZID constituted an unreasonable

6

seizure and use of excessive force against YAZID.

44.     The unreasonable and unnecessary use of force by Defendant BROCATO, individualy was excessive and objectively unreasonable under the circumstances, and resulted in the battery and death of YAZID.

45.     At all times material hereto, Defendant Brocato acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

46.     As a direct and proximate result of BROCATO's breach of the aforementioned duties, MUSA YAZID died on May 19, 2005 and the ESTATE of MUSA YAZID sustained damages in the form of medical expenses and funeral expenses.

47.     As a direct and proximate result of CITY of TAMPA's actions, MUSA YAZID died on May 19, 2005 and the surviving children of MUSA YAZID, Jameisha Williams and Khalid Earl Alphonso Yazid sustained damages in the form of mental pain and suffering, lost parental companionship, instruction, and guidance, and lost support and services.

48.     As a direct and proximate result of CITY of TAMPA's actions, MUSA YAZID died on May 19, 2005 and his surviving spouse, Virginia Deneen Yazid, sustained damages in the form of mental pain and suffering, lost companionship and protection, and lost support and services.

Wherefore, Plaintiff demands judgment for damages against Defendant Brocato and for such other and further relief as the court deems appropriate.

## COUNT II
### (Wrongful Death as to Defendant DAVID JOYNER)

49.     PLAINTIFF realleges and incorporates by reference Paragraph 1 through 39 above.

50.     This action is brought pursuant to the Florida Wrongful Death Act.

51.     At all times material, Defendants owed YAZID a duty to act within the confines, bounds, limitations, and restrictions of the Constitution of the United States of America and its Amendments, and to refrain from violating the Constitutional rights of YAZID.

52.     The conduct of Defendant JOYNER toward YAZID constituted an unreasonable seizure and use of excessive force against YAZID.

53.     The unreasonable and unnecessary use of force by Defendant JOYNER was excessive and objectively unreasonable under the circumstances, and resulted in the battery and death of YAZID.

54.     At all times material hereto, Defendant JOYNER acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

55.     As a direct and proximate result of JOYNER'S breach of the aforementioned duties, MUSA YAZID died on May 19, 2005 and the ESTATE of MUSA YAZID sustained damages in the form of medical expenses and funeral expenses.

56.     As a direct and proximate result of CITY of TAMPA's actions, MUSA YAZID died on May 19, 2005 and the surviving children of MUSA YAZID, Jameisha Williams and Khalid Earl Alphonso Yazid sustained damages in the form of mental pain and suffering, lost parental companionship, instruction, and guidance, and lost support and services.

57.     As a direct and proximate result of CITY of TAMPA's actions, MUSA YAZID died on May 19, 2005 and his surviving spouse, Virginia Deneen Yazid, sustained damages in the form of mental pain and suffering, lost companionship and protection, and lost support and services.

Wherefore, Plaintiff demands judgment for damages against Defendant Joyner and for such other and further relief as the court deems appropriate.

## COUNT III

### (Wrongful Death Against Defendant CITY OF TAMPA)

58.     PLAINTIFF realleges and incorporates by reference Paragraph 1 through 39 above.

59.     This action is brought pursuant to § 768.28, Fla. Stat, and the Florida Wrongful Death Act.

60.     Defendant CITY OF TAMPA maintains a police department which owes a duty of due care in the conduct of its law enforcement operations to the citizenry in general, and to MUSA YAZID in particular.

61.     At all times material, CITY OF TAMPA owed a duty to Yazid to protect him from the injuries and damages described herein.

62.     Defendants BROCATO and JOYNER, at all material times, were acting within the course and scope of their employment with the City of Tampa Police Department.  As such, Defendant CITY OF TAMPA is responsible for the acts and omissions of these officers.

63.     The conduct of Defendants BROCATO and JOYNER towards YAZID constituted the unnecessary and excessive use of force and a breach of duties owed by the CITY OF TAMPA.

64.     The unreasonable and unnecessary use of force by Defendants BROCATO and JOYNER was excessive and objectively unreasonable under the circumstances and resulted in the battery and death of YAZID.

65.     As a direct and proximate result of the acts of BROCATO and JOYNER, MUSA YAZID died on May 19, 2005 and the ESTATE of MUSA YAZID sustained damages in the form of medical expenses and funeral expenses.

66.     As a direct and proximate result of CITY of TAMPA's actions, MUSA YAZID died on May 19, 2005 and the surviving children of MUSA YAZID, Jameisha Williams and Khalid Earl

9

Alphonso Yazid sustained damages in the form of mental pain and suffering, lost parental companionship, instruction, and guidance, and lost support and services.

67.     As a direct and proximate result of CITY of TAMPA's actions, MUSA YAZID died on May 19, 2005 and his surviving spouse, Virginia Deneen Yazid, sustained damages in the form of mental pain and suffering, lost companionship and protection, and lost support and services.

Wherefore, Plaintiff demands judgment for damages against Defendant City of Tampa and for such other and further relief as the court deems appropriate.

## COUNT IV
### (42 U.S.C. § 1983 as to Jason Brocato)

68.     PLAINTIFF realleges and incorporates by reference Paragraphs 1 through 39 above.

69.     This is an action arising pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

70.     Title 42 U.S.C. § 1983 prohibits every person acting under color of state law from subjecting citizens of the United States to the deprivation of any rights, privileges, or immunities secured by the United States Constitution and its laws, including the right to be free from unlawful seizures and/or restraint of their person and liberty.

71.     On or about May 19, 2005, Defendant, JASON BROCATO, under the color of law, violated clearly established law and deprived YAZID of his federally protected constitutional rights including, but not limited to:

      a.     YAZID'S right to be free from unlawful searches and seizures;

      b.     YAZID'S right to be free from deprivation of his liberty without due process of law; and

c.     YAZID'S right to be free from the use of excessive and unreasonable force.

72.     The actions of Defendant BROCATO violated YAZID's clearly established constitutional rights of which any reasonable member of the public, other area law enforcement, or members of the Tampa Police Department should have known.

73.     Defendant, BROCATO took these actions with knowledge that such actions were in violation of YAZID'S constitutional rights, but proceeded with the wrongful and unlawful actions with a willful and reckless disregard for the consequences of his actions, and with deliberate indifference toward the constitutional rights of YAZID.

74.     The use of excessive and deadly force by BROCATO was not necessary to prevent escape by YAZID.

75.     At the time he used excessive and deadly force, BROCATO did not have probable cause to believe that YAZID posed a significant threat of death or serious injury to BROCATO, JOYNER or others.

76.     At the time he used excessive and deadly force, BROCATO did not have probable cause to believe YAZID had committed a crime involving the infliction or threatened infliction of serious physical harm.

77.     At no time did BROCATO provide warning to YAZID that deadly force would be used.

78.     Defendant BROCATO deprived YAZID of his rights guaranteed by the United States Constitution in violation of 42 U.S.C. § 1983 by assaulting, battering, tasering, shooting and killing YAZID unlawfully and without probable cause, subjecting him to physical injury and emotional pain and suffering and ultimate death.

79.     As a direct and proximate result of BROCATO'S deprivation of YAZID'S rights,

MUSA YAZID suffered deprivation of his civil rights, loss of liberty, mental anguish, serious and permanent bodily injury resulting in great pain and discomfort, loss of capacity for enjoyment of life, and death.

80.     As a direct and proximate result of CITY of TAMPA's actions, MUSA YAZID died on May 19, 2005 and the surviving children of MUSA YAZID, Jameisha Williams and Khalid Earl Alphonso Yazid sustained damages in the form of mental pain and suffering, lost parental companionship, instruction, and guidance, and lost support and services.

81.     As a direct and proximate result of CITY of TAMPA's actions, MUSA YAZID died on May 19, 2005 and his surviving spouse, Virginia Deneen Yazid, sustained damages in the form of mental pain and suffering, lost companionship and protection, and lost support and services.

82.     Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983 and is entitled to recover its reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff requests judgment against Defendant BROCATO for damages and for attorneys' fees and costs and such other relief as is just, proper, and equitable.

## COUNT V
### (42 U.S.C. § 1983 as to David Joyner)

83.     PLAINTIFF realleges and incorporates by reference Paragraphs 1 through 39 above.

84.     This is an action arising pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

85.     Title 42 U.S.C. § 1983 prohibits every person acting under color of state law from subjecting citizens of the United States to the deprivation of any rights, privileges, or immunities secured by the United States Constitution, including the right to be free from unlawful seizures

and/or restraint of their person and liberty.

86.　　On or about May 19, 2005, Defendant, DAVID JOYNER, under the color of law, violated clearly established law and deprived YAZID of his federally protected constitutional rights including, but not limited to:

　　　　a.　　YAZID'S right to be free from unlawful searches and seizures;

　　　　b.　　YAZID'S right to be free from deprivation of his liberty without due process of law; and

　　　　c.　　YAZID'S right to be free from the use of excessive and unreasonable force.

87.　　The actions of Defendant JOYNER violated YAZID's clearly established constitutional rights of which any reasonable member of the public, other area law enforcement, or members of the Tampa Police Department should have known.

88.　　Defendant, JOYNER took these actions with knowledge that such actions were in violation of YAZID'S constitutional rights, but proceeded with the wrongful and unlawful actions with a willful and reckless disregard for the consequences of his actions, and with deliberate indifference toward the constitutional rights of YAZID.

89.　　The use of excessive and deadly force by JOYNER was not necessary to prevent escape by YAZID.

90.　　At the time he used excessive and deadly force, JOYNER did not have probable cause to believe that YAZID posed a significant threat of death or serious injury to BROCATO, JOYNER or others.

91.　　At the time he used excessive and deadly force, JOYNER did not have probable cause to believe YAZID had committed a crime involving the infliction or threatened infliction of serious physical harm.

13

92.     At no time did JOYNER provide warning to YAZID that deadly force would be used.

93.     Defendant JOYNER deprived YAZID of his rights guaranteed by the United States Constitution in violation of 42 U.S.C. § 1983 by assaulting, battering, tasering, shooting and killing YAZID unlawfully and without probable cause, subjecting him to physical injury and emotional pain and suffering and ultimate death.

94.     As a direct and proximate result of JOYNER'S deprivation of YAZID'S rights, MUSA YAZID suffered deprivation of his civil rights, loss of liberty, mental anguish, serious and permanent bodily injury resulting in great pain and discomfort, loss of capacity for enjoyment of life, and death.

95.     As a direct and proximate result of CITY of TAMPA's actions, MUSA YAZID died on May 19, 2005 and the surviving children of MUSA YAZID, Jameisha Williams and Khalid Earl Alphonso Yazid sustained damages in the form of mental pain and suffering, lost parental companionship, instruction, and guidance, and lost support and services.

96.     As a direct and proximate result of CITY of TAMPA's actions, MUSA YAZID died on May 19, 2005 and his surviving spouse, Virginia Deneen Yazid, sustained damages in the form of mental pain and suffering, lost companionship and protection, and lost support and services.

97.     Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983 and is entitled to recover its reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff requests judgment against Defendant JOYNER for damages and for attorneys' fees and costs and such other relief as is just, proper, and equitable.

## COUNT VI
### (42 U.S.C. § 1983 as to Defendant CITY OF TAMPA)

98.     PLAINTIFF realleges and incorporates by reference Paragraph 1 through 39 above.

99.     This is an action arising pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

100.    Title 42 U.S.C. § 1983 prohibits every person acting under color of state law from subjecting citizens of the United States to the deprivation of any rights, privileges, or immunities secured by the United States Constitution, including the right to be free from unlawful seizures and/or restraint of their person and liberty.

101.    On or about May 19, 2005, BROCATO and JOYNER, acting under the color of law, deprived Yazid of his rights guaranteed by the United States Constitution, in that Defendants, BROCATO and JOYNER, under the supervision and control of Defendant, CITY OF TAMPA, caused YAZID to be restrained, detained, seized, battered, and killed in violation of his rights under the United States Constitution.

102.    Prior to May 19, 2005, Defendant, CITY OF TAMPA was deliberately indifferent to or encouraged, permitted, tolerated, or ratified a practice and custom of excessive and unreasonable searches and seizures and excessive and unreasonable use of force by police officers, including, but not limited to, Defendants BROCATO and JOYNER.

103.    Although the searches, seizures, and use of force were improper, the officers were not appropriately prosecuted, disciplined, counseled or trained.

104.    As a result, Tampa Police Department officers were encouraged to believe that illegal searches and seizures, and excessive and unreasonable use of force would be encouraged, permitted, tolerated, ratified, and/or deliberately ignored by the CITY OF TAMPA.

105.    The CITY OF TAMPA also instituted, adopted, or ratified policies and customs that allow or encourage the hiring and retention of deputies, including BROCATO and JOYNER, without

15

adequate training and supervision, which violated well-established constitutional rights.

106.    The CITY OF TAMPA employed a widespread custom or practice, which had the force and effect of policy, that allowed deputies, including BROCATO and JOYNER, to work without adequate training or supervision, which violated well-established constitutional rights.

107.    CITY OF TAMPA failed to adequately train and educate its deputies, including BROCATO and JOYNER, as to the proper use of force during investigatory stops and arrests. Such failure constituted a deliberate indifference to the rights of persons subject to such conduct, including YAZID.

108.    CITY OF TAMPA failed to institute and enforce sufficient and adequate policies explaining the proper and lawful manner to determine criminal violations of law and to detain, arrest, or use deadly force so as not to violate well-established constitutional rights.

109.    CITY OF TAMPA failed to monitor and supervise its deputies with respect to the tactics being employed when working in the field. Such failure constituted a deliberate indifference to the rights of persons subject to such conduct, including YAZID.

110.    Defendant CITY OF TAMPA knew or should have known the wrongful acts alleged herein were likely to happen and had the power to prevent or aid in preventing the commission of such wrongs and could have done so by reasonable diligence, yet knowingly, recklessly, and with gross negligence, failed or refused to do so.

111.    These deficiencies in hiring, training, supervising, or disciplining police officers constitutes a de facto or informal policy which led to violation of constitutional rights.

112.    The actions of Defendants BROCATO and JOYNER, as described herein, were done pursuant to policies, customs and practices of Defendant, CITY OF TAMPA.

113.    The above-described actions subjected YAZID to a deprivation of rights and

privileges secured to Plaintiff by the Constitution and laws of the United States, including the due process clause of the Fourteenth Amendment to the Constitution of the United States, within the meaning of 42 U.S.C. § 1983.

114.    As a direct and proximate result of CITY OF TAMPA'S acts and omissions, MUSA YAZID incurred losses and damages, including, but not limited to; deprivation of his civil rights, loss of liberty, mental anguish, serious and permanent bodily injury resulting in great pain and discomfort, loss of capacity for enjoyment of life, and death.

115.    As a direct and proximate result of CITY of TAMPA's actions, MUSA YAZID died on May 19, 2005 and the surviving children of MUSA YAZID, Jameisha Williams and Khalid Earl Alphonso Yazid sustained damages in the form of mental pain and suffering, lost parental companionship, instruction, and guidance, and lost support and services.

116.    As a direct and proximate result of CITY of TAMPA's actions, MUSA YAZID died on May 19, 2005 and his surviving spouse, Virginia Deneen Yazid, sustained damages in the form of mental pain and suffering, lost companionship and protection, and lost support and services.

117.    Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983 and is entitled to recover its reasonable fees for said counsel.

WHEREFORE, Plaintiff requests judgment against Defendant CITY OF TAMPA for damages, attorneys fees and costs, and such other relief as is just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully Submitted,

Barry A. Cohen
Florida Bar No.: 096478
Camille Godwin
Florida Bar No.: 0974323
Stephen L. Romine
Florida Bar No.: 0931780
Cohen, Jayson & Foster, P.A.
201 E. Kennedy Blvd., Suite 1000
Tampa, Florida 33602
813/ 225-1655 (tel)
813/ 225-1921 (fax)
Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE THIRTEENTH
JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH
COUNTY, FLORIDA, PROBATE DIVISION

IN RE: ESTATE OF          File No.: 05 - 2391
                          Div.: A

MUSA AKIL MASOMAKALI YAZID,

DECEASED.
_____/

## LETTERS OF ADMINISTRATION
### (single personal representative)

TO ALL WHOM IT MAY CONCERN:

WHEREAS, MUSA AKIL MASOMAKALI YAZID, a resident of Hillsborough County,
died on May 19, 2005, owning assets in the State of Florida, and

WHEREAS, VIRGINIA DENEEN YAZID has been appointed personal representative of
the estate of the decedent and has performed all acts prerequisite to issuance of Letters of
Administration in the estate,

NOW, THEREFORE, I, the undersigned circuit judge, declare VIRGINIA DENEEN
YAZID duly qualified under the laws of the State of Florida to act as personal representative of the
estate of MUSA AKIL MASOMAKALI YAZID, deceased, with full power to administer the estate
according to law; to ask, demand, sue for, recover and receive the property of the decedent; to pay
the debts of the decedent as far as the assets of the estate will permit and the law directs; and to
make distribution of the estate according to law.

ORDERED on ___23 Xpt___, 2005.

_____
Circuit Court Judge

Copies furnished to:
Barnett, Bolt, Kirkwood, Long & McBride
Virginia Deneen Yazid

VERIFIED



::ODMA\PCDOCS\BBKLDOCS\260696\1

# Cohen, Jayson & Foster, P.A.

Barry A. Cohen

Todd Foster

Christopher P. Jayson

[1] Also admitted in North Carolina
[2] Also admitted in Illinois

*Board Certified Criminal Trial Lawyer

Kevin J. Darken

Phillip W. Farthing, M.D., J.D.

Camille Godwin

Victor D. Martinez

Stephen L. Romine*

Fritz J. Scheller

Arthur B. Skafidas[1]

David T. Tirella

Mark Jerome Ware

Geena D. Cohen[2]
Of Counsel

Barbara Casasa-Cohen, Ph.D.
Forensic Consultant

Kevin Kalwary
Investigator/Consultant

April 3, 2006

***Certified U.S. Mail, Return Receipt Requested***
**#7004 1160 0003 5937 1069**
The Honorable Pam Iorio, Mayor
City of Tampa
306 East Jackson Street
Tampa, Florida 33602

## NOTICE OF CLAIM

Dear Mayor Iorio:

The purpose of this letter is to comply with Florida Statutes, Section 768.28, and to provide you with notice for all claims arising from the actions of the City of Tampa Police Department, and Officer Jason Bracato and Officer David Joyner, resulting in an illegal seizure, arrest, civil rights violations, death and all other claims arising from the interaction between Tampa Police and Musa Akil Masomakali Yazid on May 19, 2005.

Pursuant to the Florida Statutes, we are providing you with the following information:

a.   Claimants, Date of Birth, Place of Birth, Social Security Number:

1. Virginia Tracy Yazid
   Date of Birth: 4/12/66
   Social Security #: 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

2. Khalid Earl Alphonso Yazid
   Date of Birth: 6/30/99
   Social Security #: 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



EXHIBIT
B

3. Jameisha E. Williams
   Date of Birth: 08/03/89
   Social Security#: 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

b.   The proposed style of case:   *Virginia Tracy Yazid, individually, and as Personal Representative of The Estate of Musa Akil Masomakali Yazid v. The City of Tampa, Jason Bracato, and David Joyner, et al.*

c.   Tribunal: Thirteenth Judicial Circuit - Circuit Court

d.   There exist no prior adjudicated unpaid claims in excess of Two Hundred 00/100 Dollars ($200.00).

It is the claimant's desire to comply fully with the requirements of Florida Statute §768.28. If there is additional information needed or if you feel the compliance is deficient in any manner, please write us immediately and we will correct any deficiency.

Very truly yours,

Barry A. Cohen
Camille Godwin

cc:   (via certified mail, return receipt requested)
Department of Insurance
Division of Risk Management
Chief Stephen Hogue, Tampa Police Department



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• S

COHEN, JAYSON & FOSTER, P.A.
201 E. KENNEDY BLVD., SUITE 1000
TAMPA, FLORIDA 33602

RwS

306514

**NDER:** COMPLETE THIS SECTION

COMPLETE THIS SECTION ON DELIVERY

Complete items 1, 2, and 3. Also complete
tem 4 if Restricted Delivery is desired.
Print your name and address on the reverse
so that we can return the card to you.
Attach this card to the back of the mailpiece,
or on the front if space permits.

A. Signature

X   **CITY OF TAMPA**            ☐ Agent
                                 ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

Article Addressed to:

Mayor Pam Iorio
City of Tampa
306 E. Jackson Street
Tampa, Fl 33602

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

APR 4 2006

USPS 33602

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

Article Number
Transfer from service:   7004 1160 0003 5937 1069

Form 3811, February 2004   RwS   Domestic Return Receipt   306514   102595-02-M-1540

# Cohen, Jayson & Foster, P.A.

Barry A. Cohen

Todd Foster

Christopher P. Jayson

¹ Also admitted in North Carolina
² Also admitted in Illinois

*Board Certified Criminal Trial Lawyer

Kevin J. Darken

Phillip W. Farthing, M.D., J.D.

Camille Godwin

Victor D. Martinez

Stephen L. Romine*

Fritz J. Scheller

Arthur B. Skafidas¹

David T. Tirella

Mark Jerome Ware

Geena D. Cohen²
Of Counsel

Barbara Casasa-Cohen, Ph.D.
Forensic Consultant

Kevin Kalwary
Investigator/Consultant

April 3, 2006

***Certified U.S. Mail, Return Receipt Requested***
**#7004 1160 0003 5937 1045**
Tom Gallagher, Insurance Commissioner
Department of Insurance
200 E. Gaines Street, R-413A
Tallahassee, Florida 32399

## NOTICE OF CLAIM

Dear Commissioner Gallagher:

    The purpose of this letter is to comply with Florida Statutes, Section 768.28, and to provide you with notice for all claims arising from the actions of the City of Tampa Police Department, and Officer Jason Bracato and Officer David Joyner, resulting in an illegal seizure, arrest, civil rights violations, death and all other claims arising from the interaction between Tampa Police and Musa Akil Masomakali Yazid on May 19, 2005.

    Pursuant to the Florida Statutes, we are providing you with the following information:

    a.    Claimants, Date of Birth, Place of Birth, Social Security Number:

        1.  Virginia Tracy Yazid
            Date of Birth: 4/12/66
            Social Security #: 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

        2.  Khalid Earl Alphonso Yazid
            Date of Birth: 6/30/99
            Social Security #: 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

3.  Jameisha E. Williams
    Date of Birth: 08/03/89
    Social Security#: 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

b.  The proposed style of case:   *Virginia Tracy Yazid, individually, and as Personal Representative of The Estate of Musa Akil Masomakali Yazid v. The City of Tampa, Jason Bracato, and David Joyner, et al.*

c.  Tribunal: Thirteenth Judicial Circuit - Circuit Court

d.  There exist no prior adjudicated unpaid claims in excess of Two Hundred 00/100 Dollars ($200.00).

It is the claimant's desire to comply fully with the requirements of Florida Statute §768.28. If there is additional information needed or if you feel the compliance is deficient in any manner, please write us immediately and we will correct any deficiency.

Very truly yours,



Barry A. Cohen
Camille Godwin

cc:   (via certified mail, return receipt requested)
      Chief Stephen Hogue, Tampa Police Department
      Mayor Pam Iorio, City of Tampa



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Tom Gallagher
Department of Insurance
200 E. Gaines Street
R-413 A
Tallahassee, Fl 32399

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X DEPARTMENT OF FINANCIAL SERVICES
L SINEATH, MAIL CENTER SUPERVISOR

☐ Agent
☐ Addressee

B. Received by ( Printed Name)

C. Date of D

APR 0 5 20

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Mercha
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2

P

102595-02-

UNITED STATES POSTAL SERVICE

TALLAHASSEE, FL
F M

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

COHEN, JAYSON & FOSTER, P.A.
201 E. KENNEDY BLVD., SUITE 1000
TAMPA, FLORIDA 33602

RwS                    366514

C050