UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIRGINIA D. YAZID,
as Personal Representative of the
ESTATE OF MUSA AKIL MASOMAKALI
YAZID, deceased, for and on behalf of the Estate
and all survivors,

    Plaintiff,

V.                          CASE NO.:  8:07-CV-00921

CITY OF TAMPA, JASON BROCATO,
and DAVID JOYNER

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, CITY OF TAMPA,

**COMES NOW**, Defendants, City of Tampa ("City") a municipal corporation of the State of Florida, by and through the undersigned counsel and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and responds to same as follows:

### Jurisdiction and Venue

1. Admit for jurisdictional purposes; Denied that Plaintiff entitled to relief.

2. Admit for jurisdictional purposes; Denied that Plaintiff is entitled to relief.

3. Admit that Exhibit A speaks for itself.

4. Unknown, therefore Denied.

5. Unknown whether Musa Yazid was a resident of Tampa and citizen of the United States of America; Admit all remaining allegations.

6. Admit.

7. Admit.

8. Admit.

9. Admit.

10. Admit

**Factual Allegations**

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Unknown whether Musa Yazid did not have his driver's license in his possession; Admit that Musa Yazid did not produce a Florida driver's license; Denied that he supplied Defendant Joyner with his name; Admit that he gave Defendant Joyner a name.

16. Denied that Joyner was unable to find a match for Yazid's name; Admit that Joyner was unable to find a match for the name Yazid gave to Joyner as belonging to him; Admit all remaining allegations.

17. Denied.

18. Denied.

19. Denied.

20. Admit.

21. Admit.

22. Denied.

23. Denied.

24. Denied.

25. Denied as to "assault and battery"; Admit all remaining allegations.

26. Admit.

27. Denied as to "assault and battery"; Admit all remaining allegations.

28. Denied.

29. Denied.

30. Denied as to sequence of the tasers and the closing of the car door; Unknown where Yazid was struck with the taser; Admit that officers Brocato and Joyner did point and deploy their tasers on the date of incident.

31. Admit that Yazid's body did initially react after he was tased; Denied all remaining allegations.

32. Denied.

33. Denied.

34. Denied.

35. Unknown therefore Denied.

36. Unknown therefore Denied.

37. Denied as to "without provocation or justification"; Admit all remaining allegations.

38. Admit.

39. Admit.

## COUNT I
### (Wrongful death as to Defendant JASON BROCATO)

Paragraphs 40-48 appear to state a claim against Defendant BROCATO in his individual capacity, therefore the CITY OF TAMPA will offer no response thereto; to the extent that any claim against the CITY is implicated herein; it is Denied.

## COUNT II
### (Wrongful Death as to Defendant DAVID JOYNER)

Paragraphs 49-57 appear to state a claim against Defendant JOYNER in his individual capacity, therefore the CITY OF TAMPA will offer no response thereto; to the extent that any claim against the CITY is implicated herein; it is Denied.

## COUNT III
### (Wrongful death as to Defendant CITY OF TAMPA)

58. The CITY OF TAMPA re-alleges and incorporates its responses to Paragraphs 1 through 39 as if set forth fully herein.

59. Admit for jurisdictional purposes; Denied that Plaintiff is entitled to any relief.

60. Denied.

61. Denied.

62. Admit truth of allegations unless the officers are determined to have acted in bad faith, with malicious purpose, or in a manner exhibiting wanted and willful disregard of human rights, safety, or property.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## COUNT VI
### (42 U.S.C. § 1983 as to JASON BROCATO)

Paragraphs 68-82 appear to state a claim against Defendant BROCATO in his individual capacity, therefore the CITY OF TAMPA will offer no response thereto; to the extent that any claim against the CITY is implicated herein; it is Denied.

## COUNT V
### (42 U.S.C. § 1983 as to DAVID JOYNER)

Paragraphs 83-97 appear to state a claim against Defendant JOYNER in his individual capacity, therefore the CITY OF TAMPA will offer no response thereto; to the extent that any claim against the CITY is implicated herein; it is Denied.

## COUNT VI
### (42 U.S.C. § 1983 as to CITY OF TAMPA)

98. The CITY OF TAMPA re-alleges and incorporates its responses to Paragraphs 1 through 39 as if set forth fully herein.

99. Denied that any action lies under the Fourteenth Amendment of the United States Constitution; Admit remaining allegations for jurisdictional purposes.

100. Admit.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Unknown, therefore Denied.

**WHEREFORE**, the City prays for judgment in its favor and against Plaintiff; that the City is awarded costs; and that the City is awarded such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

As and for additional defenses to the Complaint, the CITY states as follows:

### FIRST AFFIRMATIVE DEFENSE

Defendant's employees were, at all times herein mentioned in Plaintiff's Complaint, duly qualified, appointed, and acting police officers of the City of Tampa, and law enforcement of the State of Florida, and that at all times herein mentioned, said employees were engaged in the performance of their regularly assigned duties as police officers.

### SECOND AFFIRMATIVE DEFENSE

Defendant's employees were, at all times herein mentioned, exercising discretion and acting in good faith, without malice, and within the scope of their duties as police officers of the City of Tampa and law enforcement officers of the State of Florida.

### THIRD AFFIRMATIVE DEFENSE

The actions of the Defendant's employees were lawful and proper, and probable cause existed for the arrest of the Plaintiff, or in the alternative, Plaintiff was temporarily and lawfully detained based on reasonable suspicion.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action against the City of Tampa.

FIFTH AFFIRMATIVE DEFENSE

That pursuant to Florida Statutes, section 768.28, the City of Tampa, is not liable for exemplary or punitive damages in any sum, or at all, and this Defendant hereby invokes the limitations of liability as set forth fully in F.S. § 768.28, specifically invoking immunity from the willful, malicious, and bad faith acts of its employees.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's injuries or damages resulted by reason of his own wrongful acts and conduct, and the willful resistance to law enforcement officers in the discharge, and attempt to discharge, the duty of their office.

SEVENTH AFFIRMATIVE DEFENSE

That the force, if any, used on the Plaintiff, was reasonable and necessary under the circumstances, and any injury or damages allegedly suffered by the Plaintiff were due to and caused by reason of his own wrongful acts and conduct.

EIGHT AFFIRMATIVE DEFENSE

That if any force was used upon the Plaintiff, said force was caused and necessitated by the acts of the Plaintiff, and said force was further necessary and reasonable to protect the Defendants' Officers from harm.

NINTH AFFIRMATIVE DEFENSE

The actions of the Defendants complained of by the Plaintiff, were all accomplished in accordance with Chapter 776, *Florida Statutes* and, additionally, were necessary and reasonable actions intended to protect themselves and others, and/or were in self-defense.

TENTH AFFIRMATIVE DEFENSE

Plaintiff knew or should have known that he had a duty to obey the lawful commands of a law enforcement officer and refrain from resisting the lawful actions of a law enforcement officer pursuant to Section 843.02, *Florida Statutes.*

**WHEREFORE**, the City prays for judgment in its favor and against Plaintiffs; that the City is awarded costs; and that the city is awarded such other relief as the court deems just and proper.

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 11th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to the following:  Barry A. Cohen, Esquire, Camille Godwin, Esquire, and Stephen L. Romine, Esquire Cohen, Jayson & Foster, P.A., 201 E. Kennedy Boulevard, Suite 1000, Tampa, FL  33602 (*attorneys for Plaintiff*) and that a copy was sent by U.S. Mail to: Donald A. Smith, Esquire; Smith, Tozian & Hinkle, P.A., 109 E. Brush Street, Suit 200, Tampa, FL  33602 (*attorney for Defendants Brocato and Joyner*).

**DAVID L. SMITH, CITY ATTORNEY**
**CITY OF TAMPA**

By:/s/ *Ursula D. Richardson*
Ursula D. Richardson
Assistant City Attorney
FBN:  0064467
315 E. Kennedy Boulevard, 5th Floor
Tampa, FL  33602
(813) 274-7205 Telephone
(813) 274-8809 Facsimile
Ursula.Richardson@Tampagov.net
Counsel for Defendant, City of Tampa