**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

VIRGINIA D. YAZID,
as Personal Representative of the
ESTATE OF MUSA AKIL MAOMAKALI
YAZID, deceased, for and on behalf of the Estate
and all survivors,                                                        CASE NO.: 8:07-cv-00921

   Plaintiff,

v.

CITY OF TAMPA, JASON BROCATO,
and DAVID JOYNER,

   Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANTS, JASON BROCATO and DAVID JOYNER

  COMES NOW, Defendants, JASON BROCATO ("Brocato") and DAVID JOYNER ("Joyner"), by and through their undersigned counsel, hereby file this, their Answer and Affirmative Defenses to the Plaintiff's Complaint and state the following:

  1.  Admitted for jurisdictional purposes only.

  2.  Admitted for jurisdictional purposes only.

  3.  Without knowledge, therefore denied.

  4.  Without knowledge, therefore denied.

    a.  Without knowledge, therefore denied.

    b.  Without knowledge, therefore denied.

    c.  Without knowledge, therefore denied.

5. Without knowledge, therefore denied as to whether Musa Yazid was a resident of Tampa and citizen of the United States of America. Otherwise, admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Without knowledge, therefore denied.

10. Denied as to "waived." Otherwise, without knowledge, therefore denied.

**Factual Allegations**

11. Denied as to "patrolling." Otherwise, admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Without knowledge as to whether Musa Yazid did not have his driver's license in his possession. Admitted that Musa Yazid did not produce any driver's license. Denied that he provided Defendant Joyner with his name. Admitted the he provided Defendant Joyner with a name.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Admitted.

21. Admitted.

22.     Admitted that Defendants Joyner and Brocato directed Yazid to get out of the vehicle after repeated requests. Otherwise, denied.

23.     Denied.

24.     Admitted that Yazid questioned and argued with the officers. Otherwise, denied.

25.     Denied.

26.     Denied.

27.     Admitted that Defendant Brocato delivered knee spikes to Yazid's thighs. Admitted that Defendant Brocato delivered knee spikes to Yazid's mid-section. Admitted that Defendant Joyner delivered hammer fist strikes to Yazid's arms. Otherwise, denied.

28.     Denied.

29.     Denied.

30.     Denied as to the sequence of the use of tasers and the car door closing. Without knowledge, therefore, denied as to where Yazid was struck on his body with the taser. Admitted that the officers did point and deploy their tasers. Admitted that a taser was pointed and deployed through the driver's side window. Otherwise, denied.

31.     Admitted that Yazid's body reacted after he was tased. Otherwise, denied.

32.     Denied.

33.     Denied.

34.     Admitted that the vehicle came to rest against a tree. Otherwise, denied.

35.     Without knowledge, therefore denied.

36.     Without knowledge, therefore denied.

37.     Denied.

38. Admitted.

39. Admitted.

## COUNT I
### (Wrongful Death as to Defendant JASON BROCATO)

40. Defendant Brocato realleges and incorporates his responses to Paragraphs 1-39 as if set forth fully herein.

41. Admitted for jurisdictional purposes only.

42. Admitted that Defendant Brocato owes a duty to act within the confines, bounds, limitations, and restrictions of the Constitution of the United States of America and its Amendments and to refrain from violating Constitutional rights of its citizens. Otherwise, without knowledge, therefore denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. This paragraph appears to state a claim for damages against the City of Tampa. Therefore, Defendant Brocato offers no answer. To the extent Defendant Brocato is implicated herein, it is denied.

48. This paragraph appears to state a claim for damages against the City of Tampa. Therefore, Defendant Brocato offers no answer. To the extent Defendant Brocato is implicated herein, it is denied.

## COUNT II
### (Wrongful Death as to Defendant DAVID JOYNER)

49. Defendant Joyner realleges and incorporates his responses to Paragraphs 1-39 as if set forth fully herein.

50. Admitted for jurisdictional purposes only.

51. Admitted that Defendant Joyner owes a duty to act within the confines, bounds, limitations, and restrictions of the Constitution of the United States of America and its Amendments and to refrain from violating Constitutional rights of its citizens. Otherwise, without knowledge, therefore denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. This paragraph appears to state a claim for damages against the City of Tampa. Therefore, Defendant Joyner offers no answer. To the extent Defendant Joyner is implicated herein, it is denied.

57. This paragraph appears to state a claim for damages against the City of Tampa. Therefore, Defendant Joyner offers no answer. To the extent Defendant Joyner is implicated herein, it is denied.

## COUNT III
### (Wrongful Death Against Defendant CITY OF TAMPA)

Count III, Paragraphs 58-67, appear to state a cause of action against the City of Tampa. Therefore, Defendants, Brocato and Joyner, offer no answer. To the extent Defendants Brocato

5

and Joyner are implicated herein, it is denied.

## COUNT IV
### (42 U.S.C. § 1983 as to Jason Brocato)

68. Defendant Brocato realleges and incorporates his responses to Paragraphs 1-39 as if set forth fully herein.

69. Admitted for jurisdictional purposes only.

70. Admitted.

71. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. This paragraph appears to state a claim for damages against the City of Tampa. Therefore, Defendant Brocato offers no answer. To the extent Defendant Brocato is implicated herein, it is denied.

81. This paragraph appears to state a claim for damages against the City of Tampa. Therefore, Defendant Brocato offers no answer. To the extent Defendant Brocato is implicated herein, it is denied.

82. Without knowledge, therefore denied.

## COUNT V
### (42 U.S.C. § 1983 as to David Joyner)

83. Defendant Joyner realleges and incorporates his responses to Paragraphs 1-39 as if set forth fully herein.

84. Admitted for jurisdictional purposes only.

85. Admitted.

86. Denied.

   a. Denied.

   b. Denied.

   c. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. This paragraph appears to state a claim for damages against the City of Tampa. Therefore, Defendant Joyner offers no answer. To the extent Defendant Joyner is implicated herein, it is denied.

96. This paragraph appears to state a claim for damages against the City of Tampa. Therefore, Defendant Joyner offers no answer. To the extent Defendant Joyner is implicated herein, it is denied.

97. Without knowledge, therefore denied.

## COUNT VI
### (42 U.S.C. § 1983 as to Defendant CITY OF TAMPA)

Count VI, Paragraphs 97-117, appear to state a cause of action against the City of Tampa. Therefore, Defendants, Brocato and Joyner, offer no answer. To the extent Defendants Brocato and Joyner are implicated herein, it is denied.

## AFFIRMATIVE DEFENSES

COME NOW Defendants, JASON BROCATO and DAVID JOYNER, by and through their undersigned counsel, and allege the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

118. Defendants BROCATO and JOYNER, at all times material hereto, acted within the scope of their authority as law enforcement officers, acted in an objectively reasonable manner, and acted with a reasonable belief that their acts were lawful and justified.

119. As a result, Defendants are entitled to Qualified Immunity from suit and liability for any violation of MUSA AKIL MASOMAKALI YAZID'S or Plaintiff's, on behalf of the Estate of MUSA AKIL MASOMAKALI YAZID, constitutional rights which may have occurred.

**SECOND AFFIRMATIVE DEFENSE**

120. Defendants, BROCATO and JOYNER, at all times material hereto, were employed as officers of the Tampa Police Department and acted within the scope of their employment.

121. As a result, Defendants are immune from being named as a defendants and from liability to Plaintiff, pursuant to Fla. Stat. § 768.28(9)(a).

**THIRD AFFIRMATIVE DEFENSE**

122. Any injuries or damages suffered by MUSA AKIL MASOMAKALI YAZID or Plaintiff, on behalf of the Estate of MUSA AKIL MASOMAKALI YAZID, were proximately caused in part by the illegal, wrongful or negligent acts of MUSA AKIL MASOMAKALI YAZID and such acts caused or contributed to the injuries and damages claimed and as a result any recovery by Plaintiff must be reduced in proportion to the degree or percentage of fault by either or both.

**FOURTH AFFIRMATIVE DEFENSE**

123. The force used by Defendants was reasonable and necessary in light of the facts and circumstances then existing, as such provided Defendants with probable cause to believe that MUSA AKIL MASOMAKALI YAZID posed a threat of physical injury to Defendants or to others.

**FIFTH AFFIRMATIVE DEFENSE**

124. Defendants, BROCATO and JOYNER, acted at all times in good faith and without malice and within the scope of their duties and employment as police officers of the City of Tampa and within their duties as a law enforcement officers of the State of Florida.

**SIXTH AFFIRMATIVE DEFENSE**

125.    Plaintiff fails to state a cause of action against Defendants BROCATO and JOYNER in any count of the complaint and fails to state that MUSA AKIL MASOMAKALI YAZID or Plaintiff, on behalf of the Estate of MUSA AKIL MASOMAKALI YAZID, was deprived of any right, privilege or immunity secured by the Constitution or laws of the United States.

**SEVENTH AFFIRMATIVE DEFENSE**

126.    The arrest of MUSA AKIL MASOMAKALI YAZID was based upon probable cause or, in the alternative, the temporary and lawful detainment was based on reasonable suspicion.

Respectfully submitted,

/s/ Donald A. Smith, Jr., Esquire
Donald A. Smith, Jr., Esquire
SMITH, TOZIAN & HINKLE, P.A.
109 North Brush Street, Suite 200
Tampa, Florida 33602
Florida Bar No. 265101
Telephone: (813) 273-0063
Telecopier: (813) 221-8832
Attorney for Defendants Brocato and Joyner
Email: dsmith@smithtozian.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 15, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: Barry A. Cohen, Esquire, Camille Godwin, Esquire, and Stephen L. Romine, Esquire, Cohen, Jayson & Foster, P.A., 201 East Kennedy Boulevard, Suite 1000, Tampa, Florida 33602,

Counsel for Plaintiff; and Ursula D. Richardson, Esquire, Assistant City Attorney, Counsel for Defendant City of Tampa, City of Tampa, 315 E. Kennedy Boulevard, 5th Floor, Tampa, Florida 33602.

                                                  /s/ Donald A. Smith, Jr., Esquire